IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT JOHN BAZEMORE, JR., § | | |
| #37160-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-0027-K |
| § | | (3:07-CR-312-K(01)) |
| UNITED STATES OF AMERICA § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are Petitioner Vincent John Bazemore's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, the Government's response, and Petitioner's reply. For the reasons set out below, the § 2255 motion is denied.

### I. BACKGROUND

On October 19, 2007, following his voluntary surrender to law enforcement officers, the Government charged Petitioner in a one-count information with securities fraud, to which he pled guilty pursuant to a plea agreement. *See United States v. Bazemore*, 3:07-CR-312-M (N.D. Tex. Oct. 19, 2007). On June 26, 2009, after several agreed extensions, Judge Lynn sentenced Petitioner to 60 months' imprisonment and a three-year term of supervised release, but deferred the issue of restitution for a period of ninety days. *Id.* The case was then re-assigned to the undersigned, who on September 22, 2009, imposed restitution in the amount of $15,761,581.11. *Id.* Although

Petitioner timely appealed, he voluntary dismissed his direct appeal to seek post-conviction relief in this case. *See United States v. Bazemore*, No. 09-11005 (5th Cir. Jan. 4, 2010).

On January 6, 2010, Petitioner filed this timely § 2255 motion alleging ineffective assistance of counsel, breach of the plea agreement, and selective prosecution.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds.

A.  **Ineffective Assistance of Counsel**

Although Petitioner waived the right to file a § 2255 motion, his plea agreement reserved the right "to bring a claim of ineffective assistance of counsel." (*See* Plea Agreement at ¶ 11.) In his § 2255 motion, Petitioner alleges defense counsel rendered constitutionally ineffective assistance in connection with the decision to plead guilty. Specifically, he claims counsel failed to conduct any pretrial investigation, failed to inform him of any options other than pleading guilty, exaggerated the benefits of pleading guilty, told him that he would face a 35-year sentence if convicted, and failed to advise him that he would be ordered to pay restitution as a consequence of his guilty

2

plea. (Doc. #5 at 7-8.) Petitioner also claims counsel failed to discuss with him the defense of selective prosecution, and failed to move to withdraw his guilty plea prior to sentencing. (*Id.* and Doc. #10 at 1-4.)

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")). To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

    1.    <u>Voluntariness of Guilty Plea:</u>

Petitioner's guilty plea was knowing and voluntary. At his arraignment, Petitioner confirmed under oath that he wished to waive his right to indictment. (Arraignment Tr.

at 10.) He also confirmed that he had reviewed the plea agreement, understood the consequences of his plea, and voluntarily entered into the plea agreement. (*Id.* at 13-15.) In addition, he testified as to the accuracy of the factual resume that he had previously signed. (*Id.* at 18.)

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The instances of ineffective assistance of counsel asserted in the § 2255 motion seek to undermine the voluntariness of Petitioner's guilty plea. Clearly, Petitioner cannot establish that his counsel's performance during the plea proceeding was deficient, and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty to the one-count information and would have insisted on an indictment and a trial.

Petitioner's lengthy arguments seek to obfuscate the primary reason why he waived indictment and pled guilty to the information – namely limit exposure to a five-year statutory maximum sentence. If the government had presented the case to the grand jury, Petitioner would have been indicted on numerous counts of securities fraud in light of the extensive number of victims stemming from his criminal activity. This in turn would have exposed him to a sentence much higher than the five-year statutory

maximum. As a matter of fact, the Presentence Report (PSR) had calculated Petitioner's guideline range to be 324 to 405 months. (PSR ¶ 72.)

At sentencing, Judge Lynn highlighted the benefits of Petitioner's plea agreement. She recognized that Petitioner had

> "negotiated with the government an agreement in effect that exposes him no matter what I would otherwise do to a five-year exposure. I can't sentence him to a day more than five years no matter what because I have nothing to do with the government's decision on charging, which the government has in its complete discretion."

(Sentencing Tr. at 27.) She told counsel: "To be blunt, I think you made a fine deal for your client, which the Court is bound by. I do not now, and will not, second guess the government's determination of what it chooses to charge and what it chooses not to charge . . . ." (*Id.* at 39-40.)

In summary, Petitioner cannot establish that his counsel's performance during the plea proceedings was deficient, and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted in an indictment and trial, which would have exposed him to a much higher sentence. Therefore, Petitioner's claims of ineffective of counsel lack merit and are denied.

In an abundance of caution, the court addresses each of Petitioner's claims of ineffective assistance of counsel alleged in the § 2255 motion.

a. <u>Pretrial Investigations</u>  In his first ground, Petitioner alleges counsel failed to conduct more in-depth pretrial investigations and to inform him of options other than pleading guilty. (Doc. #5 at 7.) The factual resume refutes each of the claims on which

Petitioner claims pre-trial investigation was needed. Specifically, Petitioner conceded (1) that he was an employee of Capital First, who was affiliated with AmeriFirst, (2) that Lloyds of London did not guarantee funds invested with AmeriFirst, and (3) that he made false and fraudulent statements to investors and potential investors. (Factual Resume at 2-3.) Likewise, Petitioner's self-serving assertions that the stipulations in the Factual Resume "were made under duress, at counsels [sic] urging, and as a result of counsel's misrepresentation of the facts" are refuted by his sworn testimony at arraignment that his plea was not forced or coerced in any way and that the facts in the factual resume were true. (Doc. #10 at 2, and Arraignment Tr. at 13 and 18.)

Petitioner cannot show prejudice, that but for the more in-depth pretrial investigations he would not have pled guilty to the one-count information and would have insisted on an indictment, which would have exposed him to a much higher sentence. As explained in detail above, Petitioner drew great benefits from pleading guilty to the one-count information, which limited his sentencing exposure to five years. Therefore, the first ground lacks merit and is denied.

b. <u>Exaggeration of Benefits of Guilty Plea</u>   In his second ground, Petitioner asserts counsel exaggerated the benefits of pleading guilty and the high sentence he would have faced if indicted. This claim is patently frivolous. Counsel neither inflated the maximum sentence Petitioner would have faced under an indictment, nor magnified the advantages of pleading guilty. As noted above, if the government had presented the case to the grand jury, Petitioner would have been indicted on numerous counts, which

6

would have exposed him to a sentence much higher than the five-year statutory maximum for the one-count information. Moreover, a guilty plea cannot be rendered invalid merely because it was motivated by fear of greater punishment. *See United States v. Araiza*, 693 F.2d 382, 384-385 (5th Cir. 1982) (citing *Bordenkircher v. Hayes,* 434 U.S. 357 (1978); *Flores v. Estelle,* 578 F.2d 80, 85 (5th Cir. 1978)).

    c. <u>Restitution</u>  In his third ground, Petitioner claims counsel failed to advise him that "as a direct consequence of the plea [he] would be ordered to pay criminal restitution based on the allege[d] forseeable acts of others not charged as co-defendants." (Doc. #5 at 7.)  The plea agreement specifically informed Petitioner that restitution would be determined by the court at sentencing, and that restitution would be ordered "to all victims of the scheme charged in the one-count Information." (Plea Agreement ¶¶ 3-4 and 6.)  The court reiterated this information during arraignment. (Arraignment Tr. at 15-16.)  Petitioner's self-serving assertion that he would not have pled guilty if he was held responsible for the acts of others is conclusory at best in light of the voluntariness of his guilty plea and the detailed information provided to him at arraignment.

    Moreover, a federal prisoner cannot challenge a restitution order on constitutional grounds under § 2255.  It is well established that complaints concerning restitution should be raised on direct appeal and not for the first time in a § 2255. *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999); *see also Campbell v. United States*, 330 Fed. Appx. 482, 483 (5th Cir. 2009) (unpublished per curiam).  The United States Court of

Appeals for the Fifth Circuit has consistently held that § 2255 may not be utilized to attack fines and orders of restitution because in such cases the person is not "claiming the right to release" from custody. *See Hatten*, 167 F.3d at 887; *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994). The same applies to Petitioner's claims of ineffective assistance of counsel challenging court ordered restitution. *See Segler*, 37 F.3d at 1137 (person in custody cannot bring ineffective assistance claim in § 2255 motion challenging a fine because that person is not "claiming the right to release" from custody); *see also Paris v. United States*, 2009 WL 3199512, at 5 (N.D. Tex. 2009) (Godbey, J.) (ineffective assistance claims based on restitution are not cognizable in § 2255 motion).

Accordingly, all claims stemming from the restitution order, including Petitioner's claim of ineffective assistance of counsel, are not cognizable in this § 2255 proceeding.

d. <u>Selective Prosecution</u> Next, Petitioner contends counsel failed to discuss with him "possible defenses to his charges, including a claim of selective prosecution . . . ." (Doc. #10 at 2.) This claim is conclusory at best. Relying on a January 26, 2010 affidavit of Jeffrey Bruteyn, Petitioner alleges that he was the only African-American salesman who was prosecuted from about 30 similarly situated salesmen. (*Id*.) Yet, Petitioner states neither Bruteyn's job title nor how he was familiar with any of the salesmen at AmeriFirst or their non-prosecution. (*Id.* at Exh. B.)

While the court must construe a *pro se* § 2255 motion liberally, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.

8

*Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *see also United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in § 2255 proceeding).

Even assuming counsel's performance was deficient, Petitioner cannot show prejudice – namely that he would not have pled guilty to the one-count information and would have insisted on an indictment that would have increased his sentencing exposure. This ground lacks merit and is denied.

e. <u>Withdrawal of guilty plea</u> Petitioner also contends counsel refused to withdraw his guilty plea prior to sentencing. (Doc. #5 ¶ 13, and Doc. #10 at 3.) Petitioner explains that in April 2009, one and one-half years after he initially entered his guilty plea, he requested counsel to file a motion to withdraw the same claiming his plea was involuntary. (Doc. #10 at 3.) Counsel allegedly declined to do so stating it would be "an unbelievable uphill battle." (*Id.*)

Defense counsel had no non-frivolous basis to raise in a motion to withdraw the guilty plea. As detailed above, Petitioner's guilty plea was knowing and voluntary. Therefore, counsel was not deficient in failing to file a meritless motion to withdraw the guilty plea. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (quoting *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous

objection does not cause counsel's performance to fall below an objective level of reasonableness....")). This ground is denied.

**B.     Restitution**

In his fourth ground, Petitioner alleges the Government breached the plea agreement by seeking restitution beyond the fine amount based on the reasonable forseeable acts of others not charged in the information. He also alleges the court failed to inform him before he pled guilty that the restitution amount could exceed the maximum fine, thus rendering his guilty plea involuntary.

Having failed to raise these issues in the trial court or on direct appeal, Petitioner's fourth ground is procedurally barred absent a showing of cause and prejudice. *See United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998); *Shaid*, 937 F.2d at 231-32. Petitioner has alleged no excuse for failing to raise his claims in the trial court or on direct appeal. In his reply, Petitioner merely asserts that appellate counsel misadvised him that the appellate court would enforce the appeal waiver, thus causing him to dismiss his pending appeal. (Doc. #20 at 3.)

Even assuming cause, Petitioner cannot show prejudice. The plea agreement specifically advised Petitioner that the maximum statutory penalty the court could impose included a five-year term of imprisonment, a $250,000 fine, a three-year term of supervised release, and restitution. (Plea Agreement at ¶ 3.) As to the latter, the plea agreement specified that the court would "order restitution *to all victims* charged in the

one-count information." (*Id.* at ¶ 6, emphasis added.)  The court reiterated this information during arraignment including the important fact that the district court alone at sentencing could determine the restitution amount.  (Arraignment Tr. at 7-8, and 15-16.)  Accordingly, the fourth ground is procedurally defaulted and is denied.

In addition, as noted above, complaints concerning restitution are not cognizable in a § 2255 proceeding because in such cases the person is not "claiming the right to release" from custody.  *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999).

C. <u>Selective Prosecution</u>

In his last ground, Petitioner complains he was the victim of selective prosecution.  (Doc. # 5 at ¶ 13, and Doc. #10 at 4.)

Petitioner's plea agreement contained a waiver of post-conviction remedies, which excepted only claims of ineffective assistance of counsel.  (Plea Agreement ¶ 11.)  While a defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement, his waiver must be informed and voluntary.  *See United States v. White*, 307 F.3d 336, 340-41 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994)).  The trial court must ensure that the defendant fully understood these rights and the consequences of the waiver.  *Wilkes*, 20 F.3d at 653.

Petitioner makes no claim that his waiver was not knowingly made, or that he received ineffective assistance in connection with the validity of the waiver.  *White*, 307 F.3d at 343-44.  Moreover, as noted above, any claim challenging the voluntariness of his guilty plea and counsel's ineffective assistance is meritless.  Therefore, Petitioner's

11

selective prosecution claim is deemed waived.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 29th day of November, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE